**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY, ET AL.,<br><br>Debtors[1]. | Chapter 7<br><br>Case No. 23-10253-KBO<br>(Jointly Administered) |
| GEORGE L. MILLER, solely in his capacity as the Chapter 7 Trustee of AKORN HOLDING COMPANY, ET AL.,<br><br>Plaintiff,<br>v.<br><br>CVS/PHARMACY, INC., CVS CAREMARK SCOTTSDALE, & CVS PHARMACY, INC.,<br><br>Defendant. | Adv. Pro. No. ___________ |

**COMPLAINT FOR (I) PAYMENT OF GOODS SOLD AND DELIVERED, (II) BREACH OF CONTRACT, (III) ACCOUNT STATED, (IV) UNJUST ENRICHMENT (IN THE ALTERNATIVE), (V) TURNOVER OF ACCOUNTS RECEIVABLE, AND (VI) DISALLOWANCE OF CLAIMS**

Plaintiff, George L. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estates of Akorn Holding Company, LLC, Akorn Intermediate Company, LLC and Akorn Operating Company LLC (collectively, the "Debtors") by and through his undersigned counsel, hereby files this *Complaint for (I) Payment of Goods Sold and Delivered, (II) Breach of Contract, (III) Account Stated, (IV) Unjust Enrichment (in the alternative), (V) Turnover of Accounts Receivable, and (VI)*

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers and case numbers are Akorn Holding Company LLC (9190), Case No. 23-10253(KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254(KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' corporate headquarters were located at 5605 CenterPoint Court, Gurnee, IL 60031.

*Disallowance of Claims* (the "Complaint") against CVS/PHARMACY, INC., CVS CAREMARK-SCOTTSDALE, and CVS PHARMACY, INC. (the "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PARTIES

5. Plaintiff, George L. Miller, is the duly appointed Chapter 7 Trustee of the Debtors' bankruptcy estates ("Trustee").

6. Defendant, CVS/Pharmacy, Inc. ("CVS") is an entity with a principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

7. Defendant, CVS CAREMARK-SCOTTSDALE ("CVS-Scottsdale") is an entity with a principal place of business at 9501 E. Shea Blvd., Scottsdale, AZ 85260.

8. Defendant, CVS Pharmacy, Inc. ("CVS Pharmacy") is an entity with a principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895.

## BACKGROUND FACTS

9. On February 23, 2023 (the "Petition Date"), each of the Debtors, Akorn Holding Company LLC, Case No. 23-10253, Akorn Intermediate Company LLC, Case No. 23-10254, and Akorn Operating Company LLC, Case No. 23-10255 filed voluntary petitions in the Bankruptcy Court for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "Chapter 7 Cases"). The Chapter 7 Cases are being jointly administered.

10. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the Trustee to the bankruptcy estate of each of the Debtors.

11. Before the Petition Date, the Debtors' business included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products.

12. The Debtors were industry leaders in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors no longer operate their business, and Plaintiff is in the process of liquidating the Debtors' assets.

13. The Debtors operated at numerous locations in the United States and were headquartered in Gurnee, Illinois. The Debtors' operations in the United States have all ceased.

14. Prior to the Petition Date, the Debtors and the Defendants were parties to certain agreements and a course of dealing. Specifically, the Trustee is aware of the following agreements that, upon information and belief, establish the parties' relationship (the "Agreements"):

A. November 4, 2014 Supplier Agreement by and among the Debtors and their subsidiaries and Cardinal Health, Inc.; and

B. Red Oak Sourcing, LLC Generic Pharmaceuticals Business Standards.

C. Other Agreements and contracts including invoices and purchase orders.

15. Pursuant to the Agreements and as itemized in the exhibits hereto, the Debtors supplied products ordered by the Defendants and invoiced the Defendants for those products.

16. The Plaintiff is in possession of unpaid invoices from the Debtors to the Defendants that amount to $5,309,332.67. This amount remains due and owing and is summarized by **Exhibit A** which is a summary of invoices in the Trustee's possession.

17. Defendants have not paid the full amount owed to the Debtors under the Agreements.

18. The total amount owed to the Debtors by the Defendants is: $5,309,332.67. This number is broken down per Defendant as follows:

A. CVS/PHARMACY, INC.: $4,474,316.01;

B. CVS CAREMARK-SCOTTSDALE: $38,920.73; and

C. CVS PHARMACY, INC.: $13,083.43.

19. Defendant CVS Pharmacy, Inc. filed proof of claim 428 alleging a general unsecured claim in the amount of $3,697,439.84. *See* Claim 428.

20. Attached to this Complaint as **Exhibit A** is a summary of the amounts due specifying the invoice date and the due date for each respective invoice.

21. On or about June 22, 2023,, Plaintiff sent a demand letter to each of the Defendants informing each Defendant of the amount owed and demanding payment. The Plaintiff sent a follow-up demand letter to each of the Defendants on July 3, 2024 (collectively, the "Demand Letters"). While Defendants acknowledged receipt of the Demand Letters, no resolution has been reached as of the filing of this Complaint.

22. The total amount of $5,309,332.67 remains due and owing from the Defendants.

**CLAIMS FOR RELIEF**

**COUNT I**
**(Goods sold and Delivered)**

23. The Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 22 of the Complaint as though set forth fully herein.

24. The Debtors sold the products ordered by the Defendants and delivered them to the Defendants pursuant to the terms of the Agreements.

25. Defendants accepted the products delivered by the Debtors without objection.

26. Upon delivery, Defendants became obligated to pay for those products at the agreed prices pursuant to the terms of the Agreements.

27. The total amount owed, as listed on **Exhibit A** remains unpaid.

28. Defendants failed to pay for the goods, despite the Plaintiff's demand therefor.

29. Plaintiff is entitled to a judgment for the price of the goods sold and delivered in the amount of $5,309,332.67.

WHEREFORE, Plaintiff prays for judgment against Defendants for the value of the goods sold and delivered to the Defendants, in the amount of $5,309,332.67, and for such other and further relief as the Court may deem just and proper.

**COUNT II**
**(Breach of Contract)**

30. The Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 29 of the Complaint as though set forth fully herein.

31. Prior to the Petition Date, the Debtors and the Defendants entered into the Agreements pursuant to which Defendants agreed to pay the Debtors for any goods sold and

delivered to the Defendants.

32. The Agreements comprised a valid and enforceable contract that Defendants were obligated to perform.

33. Defendants' failure to compensate the Debtors for products ordered pursuant to the Agreements, in an amount not less than $5,309,332.67, constitutes a material breach of Defendants' obligations under the Agreement.

34. As a direct and proximate result of Defendants' breach, the Debtors incurred damages in an amount not less than $5,309,332.67.

35. Plaintiff is entitled to a judgment against Defendants in an amount not less than $5,309,332.67.

WHEREFORE, Plaintiff prays for judgment against Defendants for all damages caused by Defendants' breach of the Agreements in the amount of $5,309,332.67, plus prejudgment interest thereon, and for such other and further relief as the Court may deem just and proper.

## COUNT III
## (Account Stated)

36. The Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 35 of the Complaint as though set forth fully herein.

37. Defendants ordered products from the Debtors, and the Debtors invoiced the Defendants for those products, creating a debtor-creditor relationship between Defendants and the Debtors.

38. The Debtors sent invoices to the Defendants, setting forth the amounts due and owing for Defendants' purchase of goods from the Debtors, as reflected in **Exhibit A**.

39. Defendants never objected to the invoices described in **Exhibit A** and, therefore, consented to the amounts owed.

40. Plaintiff has demanded that Defendants pay for the goods that they purchased and received from the Debtors.

41. Defendants have failed and refused to pay for the goods received by the Debtors.

42. There is an account stated, due and owing to the Debtors, in the amount of $5,309,332.67, and Plaintiff is entitled to a judgment in that amount.

WHEREFORE, Plaintiff prays for judgment against Defendants for the account stated in the amount of $5,309,332.67, and for such other and further relief as the Court may deem just and proper.

**COUNT IV**
**(In the Alternative – Unjust Enrichment)**

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1-42 of the Complaint as though set forth fully herein.

44. The Debtors provided and delivered the products ordered by Defendants under the reasonable expectation that Defendants would pay the full fair market value for the products.

45. Defendants accepted the products, and have appreciated, retained and enjoyed valuable benefits from the products. As such, Defendants should have reasonably expected to repay Plaintiff for the products in accordance with the terms of the Agreements.

46. Defendants have not paid or otherwise compensated the Debtors for the products, as set forth in Exhibit A.

47. Under these circumstances, allowing Defendants to retain and enjoy the benefits of the delivered products without fully compensating the Debtors would result in an inequitable outcome and unjustly enrich the Defendants.

48. There is no adequate remedy provided by law; therefore, Defendants are liable to the Plaintiff for the full fair market value of the delivered productions in the amount of $5,309,332.67, and Plaintiff is entitled to a judgment in that amount.

WHEREFORE, in the alternative to the relief requested in Counts I through III, Plaintiff prays for a determination and judgment that Plaintiff is entitled to recover the amount by which Defendants were unjustly enriched, in the amount of $5,309,332.67, and for such other and further relief as the Court may deem just and proper.

**COUNT V**

**(Turnover of Property – 11 U.S.C. §§ 105(a) and 542)**

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1-48 of the Complaint as though set forth fully herein.

50. Defendants are not custodians pursuant to 11 U.S.C. § 101(11).

51. Defendants are in possession, custody or control of the amounts owed to the Debtors as of the date of this Complaint.

52. These amounts in the possession, custody or control of the Defendants constitute property of the Debtors' bankruptcy estates pursuant to 11 U.S.C. § 541(a).

53. Plaintiff, on behalf of the Debtors' estates, may use the property under 11 U.S.C. § 363.

54. The amounts owed, pursuant to the Agreements, are valuable and beneficial to the Debtors' estates.

55. Plaintiff has the power and authority to take possession, custody or control of these amounts and distribute the funds owed to the Debtors' creditors in accordance with the order of priority set forth in the Bankruptcy Code.

56. Plaintiff has additionally made multiple demands for turnover pursuant to 11 U.S.C. § 542.

57. As of the date of this Complaint, Defendants have not turned over the amounts owed to Plaintiff.

58. Pursuant to 11 U.S.C. §§ 105(a) and 542(a), Defendant must deliver the amounts owed to Plaintiff, and Plaintiff is entitled to a judgment for turnover.

WHEREFORE, Plaintiff prays for judgment against Defendants compelling Defendants to turn over the amount of $5,309,332.67 to Plaintiff, and for such other and further relief as the Court may deem just and proper.

**COUNT VI**
**(Disallowance of Proof of Claim – 11 U.S.C. § 502(d))**

59. Plaintiff repeats and realleges the allegations contained in paragraphs 1-58 of the Complaint as though set forth fully herein.

60. The Bankruptcy Code states that "the court shall disallow any claim of any entity from which property is recoverable under section 542…" *See* 11 U.S.C. § 502(d).

61. The amounts owed may be recovered from the Defendants pursuant to, *inter alia*, 11 U.S.C. § 542 as set forth above.

62. Defendant CVS Pharmacy purportedly on behalf of itself [and its subsidiaries and affiliates] filed proof of claim 428 in the Debtors' bankruptcy case.

63. Proof of claim 428 must be disallowed under 11 U.S.C. § 502(d) until the earlier of such time as Defendants (i) turn over the property to the Plaintiff, or (ii) the Bankruptcy Court enters a final and non-appealable order resolving this litigation in favor of the Defendants.

WHEREFORE, Plaintiff prays for the entry of an order disallowing the Proofs of Claim filed by Defendant until the earlier of such time as Defendants turn over the property in the amount of $5,309,332.67to the Plaintiff or the Bankruptcy Court makes a final and non-appealable ruling in this litigation in favor of Defendants.

Dated: February 19, 2025
Wilmington, Delaware

CIARDI CIARDI & ASTIN

*/s/ John D. McLaughlin, Jr.*
John D. McLaughlin, Jr.
No. 4123
Ciardi Ciardi & Astin
1204 N. King Street
Wilmington, DE 19801
Telephone: 484-437-2676
Email: jmclaughlin@ciardilaw.com

-and-

Albert A. Ciardi, III, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(215) 557-3550 telephone
(215) 557-3551 facsimile
aciardi@ciardilaw.com
*Counsel to George L. Miller, Chapter 7 Trustee*